# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,
        Plaintiff,

        v.

GATES-CHILI CENTRAL SCHOOL DISTRICT,
        Defendant.

**ORDER**
15-cv-6583

Before the Court is plaintiff's motion to compel discovery. Docket # 48. The matter was first heard by the Court on September 17, 2018 and during the motion hearing the Court requested additional briefing and submissions. The Court has reviewed the additional submissions, including the *ex parte* declarations of Nicholas C. Roberts, Esq. and David Oakes, Esq. After consideration of the entire record, including the most recent submissions and declarations, and for the reasons set more fully on the record, it is hereby ORDERED that the plaintiff's motion is granted in part. For purposes of this Order, familiarity with the facts of this case is assumed.

The plaintiff's motion requires the Court to resolve the propriety of the defendant's assertion of the attorney work product doctrine over certain documents that are otherwise relevant to the facts of this case. In order to prepare for anticipated litigation, defendant's counsel asked BOCES counsel to gather facts on what "days the dog handler rode the bus and the days she did not ride the school bus." See Docket # 57-1 at page 6. At

issue are documents setting forth the facts that were gathered by employees of BOCES at the request of defense counsel. These facts were then voluntarily provided by BOCES to the defendant in preparation of anticipated litigation. Defense counsel acknowledges "that the facts communicated in the withheld documents . . . are not privileged. . . Rather, our concern is what [production of] these specific documents would reveal about Mr. Oakes's litigation strategy." See Ex Parte Declaration of Nicholas C. Roberts Esq. at ¶5. For their part, plaintiff's counsel represented to the Court at the hearing that they are <u>not</u> interested in the defendant's litigation strategy or counsel's mental impressions but are only seeking discovery of the *facts* noted in the withheld documents.

Given the explicit representation of defense counsel that plaintiff would not seek to introduce or use evidence of who requested the investigation at issue or why defense counsel wanted the investigation conducted, the Court need not determine whether disclosure of the facts would allow plaintiff to unfairly gain insight into defense strategy or counsel's mental impressions regarding the litigation. Factual work product is ordinarily deserving of less protection than opinion work product. <u>In re Grand Jury Subpoena Dated July 6, 2005</u>, 510 F.3d 180, 183-4 (2d Cir. 2007) (stating that opinion work product includes "mental impressions, conclusions, opinions, or legal theories of an

attorney or other representative," and is therefore entitled to greater protection than factual work product).

Moreover, defense counsel concedes that the facts gathered by BOCES are relevant to this litigation. And the particular documents plaintiff seeks contain notations about conduct or events that were made at or about the time the events or conduct was observed, thus heightening their reliability and accuracy and demonstrating "substantial need." Sanford v. Virginia, 2009 WL 2947377 at 5-6 (E.D. Va. 2009) (substantial need existed in a wrongful death action to compel discovery of an interview of decedent's nurse conducted three days after the decedent's death, even where defendants had access to the nurse two years later, because the later interview was not "substantially equivalent" to an interview conducted while the events were still "fresh" in the witness's mind); Rexford v. Olkzak, 176 F.R.D. 90 (W.D.N.Y. 1997) (determining substantial need existed to compel production of plaintiff's diary detailing conversations with school board members in her action alleging civil rights violations through her lack of appointment to teaching position due to contemporaneous nature of diary).

For these reasons, plaintiff's motion is granted in part. Defendant shall disclose to plaintiff the documents which reflect the specific days the dog handler rode the school bus with D.P. and the days she did not ride the school bus with D.P. Pursuant

to the representation made by plaintiff's counsel during the October 17 motion hearing, plaintiff will utilize this information only for purposes of documenting the specific dates the dog handler rode the school bus and for no other purpose.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: October 22, 2018
Rochester, New York